ALTENBERND, Judge.
 

 Joy A. Brown appeals a postdissolution order concerning child support payments. The order does not reduce the amount of child support owed by Dennis Brown, but it permits him to avoid contempt or other enforcement action so long as he pays a reduced amount of child support while the remaining amount accumulates for later payment. We conclude that the trial court had the authority to enter this order. It could enter such an order based on the evidence justifying this solution even though that proof would have been insufficient to authorize a permanent reduction in child support. Accordingly, we affirm.
 

 The Browns divorced in 2005. They have one child. In a marital settlement agreement, Mr. Brown agreed to pay his wife $1000 per month in child support. His agreement to pay this amount, while admirable, was quite unrealistic. At the time he made this agreement, he had little or no income and had monthly expenses in excess of $5000. His net assets were quite modest. Thus, although he agreed to pay this child support amount, he had no actual ability to perform on his agreement.
 

 About five months after the entry of the judgment of dissolution, Mr. Brown filed his first supplemental petition seeking to modify his child support. When he filed this petition, his financial condition had actually improved. He was earning about $1500 per month. Even with this improvement in his income, he could not realistically pay the full amount of child support. However, he was making little or no effort to pay support, and the trial court denied this petition.
 

 Mr. Brown subsequently filed another supplemental petition seeking to modify
 
 *965
 
 his child support.
 
 [1]
 
 He was still earning about $1500 per month, and his assets had been expended. A child support hearing officer conducted a hearing in this case in November 2009. The hearing officer issued his findings of fact and concluded that Mr. Brown had not proven the type of permanent change in circumstances that would justify a reduction in the amount of the child support to which he had agreed in the marital settlement agreement. The hearing officer found that, if the child support guidelines applied, the parties would jointly owe about $560 in child support and that Mr. Brown’s share would be $422. However, in light of the marital settlement agreement, Mr. Brown had no right to a reduction merely because the guidelines calculated a lower amount. The hearing officer further found that Mr. Brown owed $41,896.32 in child support arrearages.
 

 The hearing officer recommended and the trial court ordered that Mr. Brown pay weekly child support of $116.43, including $19 per week in arrearage. This amount is comparable to the amount that Mr. Brown would pay under the guidelines. The court further ordered that the difference between these payments and the $1000 per month that Mr. Brown had agreed to pay would continue to accrue as arrears. Although the order does not expressly so state, it set an amount that must be paid by Mr. Brown to avoid contempt or other enforcement procedures, but it left the total amount of child support owing under the marital settlement agreement unchanged. Ms. Brown appeals this order.
 

 On appeal, Ms. Brown argues that the trial court could not enter this order without proof of the type of permanent change in circumstances that authorizes an actual reduction in child support. We disagree. Section 61.14(l)(a), Florida Statutes (2009), gives the trial court broad authority to enter orders enforcing child support. The trial court has “jurisdiction to make orders as equity requires.” The order entered is compatible with the law of contempt, which requires the trial court to set purge amounts consistent with the obligor’s ability to pay, and allows the court to enter orders of relief short of contempt when the failure to pay is not willful.
 
 See
 
 Fla. Fam. L.R.P. 12.615(g). The trial court clearly anticipated a time when Mr. Brown’s financial circumstances would improve and he would be required to pay a higher amount of child support.
 

 We conclude that the hearing officer received competent, substantial evidence that supported this order and that the trial court did not abuse its discretion in entering it.
 

 Affirmed.
 

 VILLANTI and CRENSHAW, JJ., Concur.
 

 [1]
 

 . Items contained in the appendix record provided to this court indicate that this supplemental petition was filed either in July 2008 or July 2009.